IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

SAM R. SIMPSON, #23417                                                                    PETITIONER

VERSUS                                                         CIVIL ACTION NO. 5:05cv204DCB-RHW

CHRISTOPHER EPPS and JIM HOOD                                                         RESPONDENTS

### OPINION AND ORDER

This matter is before the court, <u>sua</u> <u>sponte</u>, for consideration of dismissal for failure to exhaust state court remedies which are available. Petitioner Sam R. Simpson , an inmate at the Wilkinson County Correctional Facility, Woodville, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. On February 6, 2006, petitioner was ordered to file an amended petition to provide information regarding the exhaustion of this case with the state courts of Mississippi. In his response [15-1] filed June 9, 2006, the petitioner states that he has not presented his claims to the state courts pursuant to a motion for post-conviction relief. As required by <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

Background

Petitioner was convicted of burglary in the Circuit Court of Warren County, Mississippi on June 13, 2001. Petitioner was sentenced to five years which was suspended with 18 months to serve and five years of probation. The petitioner was released and placed on probation on March 3, 2002. After being confined on December 3, 2003, the petitioner's probation was revoked on February 6, 2004, and he was sentenced to serve the original 5 year sentence. The petitioner states that the state court judge who revoked his probation stated during the revocation

hearing that the 18 months the petitioner had served with the MDOC "would count toward my 5 year sentence." [Ct. R. 15 at 2]. .

Petitioner is challenging the calculation of his sentence by the Mississippi Department of Corrections. The petitioner claims that the Mississippi Department of Corrections has failed to credit his sentence with the 18 months served. Therefore, the petitioner contends that he should have already been released.

<u>Analysis</u>

It is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. <u>Sterling v. Scott</u>, 57 F.3d 451, 453 (5th Cir.1995), <u>cert. denied</u>, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * * * * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, petitioner must present his claims to the state's

highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief."  Fisher v. Texas, 169 F.3d 295, 302 (5th Cir.1999).

A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under Section 2254.  See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997).   Petitioner may satisfy the exhaustion requirement through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1 to -29 (1972), as amended.  One of the grounds upon which relief may be granted pursuant to Mississippi Uniform Post-Conviction Collateral Relief Act is when a person is unlawfully held in custody.  MISS. CODE ANN. § 99-39-5(1)(g) (1972), as amended; See also Taylor v. State, 726 So. 2d 227 (Miss. 1998); Williams v. Puckett, 624 So.2d 496 (Miss. 1993). Although the statute states that a motion for such relief must be made

> within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction,

excepted from this three-year limitation are those cases in which the prisoner claims that his sentence has expired.  MISS. CODE ANN. § 99-39-5(2) (1972); See also Alexander v. State, 667 So.2d 1, 5 (Miss. 1995), cert. denied, 517 U.S. 1145 (1996).  In the event petitioner does not receive relief in the trial court, he may then appeal the decision of the trial court to the Mississippi Supreme Court.  MISS. CODE ANN. § 99-39-25 (1972).

As stated above, petitioner has failed to file for relief with the state courts of Mississippi prior to bringing this federal action. As such, this case shall be dismissed, without prejudice, for petitioner's failure to exhaust his available state court remedies.

A final judgment in accordance with this opinion and order shall issue this date.

SO ORDERED, this the __23rd__ day of June, 2006.

                                               __s/ David Bramlette__
                                               UNITED STATES DISTRICT JUDGE